IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAVID CASILLAS, et al.,

    Plaintiffs,

v.

TRIPLE-S VIDA, INC., et al.,

    Defendants.

CIVIL NO. 16- 2564 (PAD)

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Plaintiffs David Casillas, his wife, April Casillas, and their conjugal partnership initiated this action against Triple-S Vida ("Triple-S"), claiming to have suffered damages as a result of Triple-S's breach of the terms of the long-term disability policy David had with Triple-S (Docket No. 1). Before the court are plaintiffs' "Motion to Quash Defendant's Lately Notified Response to Independent Medical Re-Evaluations Report Issued by Dr. Carlos Grovas" (Docket No. 19) and "Motion to Quash Defendant's Motion for Summary Judgment Because of Unauthorized Use of Lately Notified Response to Independent Medical Re-Evaluation Report Issued by Dr. Carlos Grovas" (Docket No. 25). Triple-S opposed both motions (Docket No. 29). Plaintiffs replied (Docket No. 30), and Triple-S surreplied (Docket No. 34). For the reasons stated below, plaintiffs' motion to quash report is GRANTED, and the motion to quash the summary judgment request is DENIED.

**I.    BACKGROUND**

On February 9, 2017, the court issued a Case Management Order ("CMO"), setting August 7, 2017, as the discovery cutoff date, and September 8, 2017, as the deadline to move for summary

judgment (Docket No. 10). As part of the discovery, Triple-S's expert, Dr. Dwight Santiago, conducted an Independent Medical Evaluation ("IME") of plaintiff, notifying his expert report on October 11, 2017 (Docket No. 15 at ¶ 4). On October 17, 2017, Triple-S requested a 30-day extension of the deadlines to conclude discovery and file motions for summary judgment, pointing out that Dr. Santiago had become ill, and his sickness delayed the preparation of the report (Docket No. 11). Although the request for extension was filed after the discovery deadline expired, the court granted the motion, extending discovery until November 20, 2017, and the deadline to file motions for summary judgment until December 21, 2017 (Docket No. 14).

On December 4, 2017, following the lapse of the extended discovery deadline, plaintiffs moved for an extension to conclude expert discovery and file motions for summary judgment (Docket No. 15). They reiterated that Dr. Santiago had notified his expert report on October 11, 2017, which prompted the immediate scheduling of a second IME by their expert, Dr. Carlos Grovas-Badrena, which was going to take place the same day the motion was filed. Id. Furthermore, the parties wished to conduct expert depositions once Dr. Grovas issued the updated medical report. Id. The court granted the requested extension; extended the expert discovery cutoff date to January 19, 2018; authorized filing of motions for summary judgment up to February 19, 2018; and warned the parties that it was not inclined to grant additional extensions of time considering that the CMO had been modified three times (Docket No. 16).

On February 16, 2016, Triple-S asked for an extension to move for summary judgment (Docket No. 17), which the court granted until February 20, 2018 (Docket No. 18). The day before the deadline, February 19, 2018, Triple-S notified plaintiffs of Dr. Santiago's "Response to Independent Medical Re-Evaluation Report by Dr. Carlos Grovas" (Docket Nos. 19, p. 4; 29, p. 1); and on February 20, 2018, moved for summary judgment (Docket No. 21). The same day,

plaintiffs moved to quash Triple-S's expert's response to Dr. Carlos Grovas's IME, claiming that (i) it was notified the last day for expert discovery, and was thus untimely; (ii) Triple-S never reserved the right or announced any intentions to produce an amended expert report following Dr. Grovas's evaluation; and (iii) the untimely production of the report precluded plaintiffs from properly responding to the same and undertaking any test, examination or discovery necessary to counteract the effects of Dr. Santiago's response (Docket No. 19). Additionally, they asked that Triple-S's motion for summary judgment be quashed because it is based on the untimely report (Docket No. 25). Triple-S opposed, alleging, in essence, that Dr. Santiago's response does not constitute discovery, for it does not amend its report or prior conclusion, but serves to reaffirm them (Docket No. 29).

## II. DISCUSSION

At the outset of his response to Dr. Grovas' IME, Dr. Santiago declared his intention to respond directly to the opinions and conclusions of Dr. Grovas, specifically those in which Dr. Grovas disagreed with him. Under Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure, an expert report qualifies as a rebuttal report if it is "intended solely to contradict or rebut evidence on the same subject matter identified by the other party" and disclosure of such report must be made within 30 days after the other party's expert report disclosure. See, Fed. R. Civ. P. 26(a)(2)(D)(ii). And Dr. Santiago's "response" falls squarely within the scope of proper rebuttal. In particular, it engages in a point-by-point rebuttal of Dr. Grovas' December 4 IME, analyzes medical records that had not been previously mentioned in his original IME report, and includes additional literature to support his own conclusions opposing those of Dr. Santiago's. Thus, despite Triple-S's attempt to characterize it otherwise, Dr. Santiago's "response" is, in substance and effect, a rebuttal report.

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure states that a party must provide its expert disclosures at the time and in the sequence that the court orders; and that absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure. See, Fed. R. Civ. P. 26(a)(2)(D). These provisions are enforced through Rule 37(c)(1), according to which:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1). The baseline for non-compliance is mandatory preclusion unless the record shows substantial justification or harmlessness. See, Lohnes v. Level 3 Communications, 272 F.3d 49, 59-60 (1st Cir. 2001)(discussing issue). The party seeking to avoid preclusion bears the burden of showing that its failure to comply satisfies those criteria. See, Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001)(applying test).

Triple-S had the obligation to timely disclose the rebuttal report in strict compliance with Rule 26, within the discovery deadline that the court set. Instead, it notified the rebuttal report on February 19, a month after the expert discovery deadline had expired, one before motions for summary judgment were due. The failure to comply with the deadline was neither substantially justified nor harmless. It compromised plaintiff's ability to carry out complete expert discovery or undertake any action necessary to counteract the effects of the untimely report.

Little does it matter that Dr. Santiago's factual conclusion remained unchanged. What matters is that it used evidence not considered in his initial IME Report to sustain his conclusion

and to contradict the other party's expert report. And given that Rule 37(c)'s "substantially justified or harmless" escape hatch does not apply, Triple-S's untimely disclosure warrants exclusion of Dr. Santiago's rebuttal report. See, Lohnes, 272 F.3d at 59-61 (disregarding belatedly proffered expert affidavit); Berio-Ramos v. Flores-Garcia, 2016 WL 268804 (D.P.R. March 7, 2016)(exclusion warranted under Rule 37 after plaintiff failed to disclose expert witness material as required by Rule 26). The preclusion, however, does not reach the motion for summary judgment, which was filed within the deadline.

### III. CONCLUSION

Considering the totality of circumstances, untimeliness was neither justified nor harmless. Therefore, plaintiffs' motions to quash Triple-S's untimely discovery response at Docket No. 19 is GRANTED. The motion to quash the summary judgment request at Docket No. 25 is DENIED. Nevertheless, insofar as the motion at Docket No. 21 is predicated at least in part on the excluded report, it is DENIED WITHOUT PREJUDICE. The motion may be refiled not later than July 25, 2018, as filed, without reference in its text or supporting materials to the quashed rebuttal report.

**SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of July, 2018.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge