IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAVID CASILLAS, et al.

    Plaintiffs,

v.

TRIPLE S VIDA, et al.,

    Defendants.

CIVIL NO. 16-2564 (PAD)

## ORDER

Having considered plaintiffs' "Motion and Memorandum of Law in Support of Summary Judgment" (Docket Nos. 26 and 27), and defendant's "Opposition to Motion for Summary Judgment and Motion to Strike" (Docket No. 35), plaintiffs' motion is DENIED.

Plaintiffs submitted twenty-seven proposed statements of uncontested facts in support of the motion (Docket No. 27). Six do not include a record citation and seven were allegedly admitted by defendant in the answer to the complaint. However, plaintiffs failed to provide the specific reference to the paragraphs of the complaint allegedly admitted. All, in clear contradiction to Local Rule 56(e) that requires that:

> [a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

The remaining statements are supported by the expert reports that Dr. Carlos Grovas-Badrena rendered on November 23, 2015 and December 4, 2017, but without proper authentication. And without proper authentication, plaintiffs' expert reports constitute

inadmissible hearsay that cannot be relied upon in support of a motion for summary judgment. See, Fed.R.Civ.P. 56(c)(2)(which requires that the material relied on to support or dispute a fact in connection with a motion for summary judgment be admissible in evidence); Fed.R.Evid. 802 (prohibiting the admission of hearsay, except when otherwise made admissible by a federal statute, another rule of evidence, or other rules prescribed by the Supreme Court); Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)(excluding expert report from consideration on summary judgment as hearsay when the substance of the report was not sworn to by expert while noting that a third party's description of an expert's supposed testimony is not "suitable grist for the summary judgment mill")(internal citations omitted); Ramirez-Ortiz v. Corporación del Centro Cardiovascular de Puerto Rico y del Caribe, 32 F.Supp.3d, 83, 88 (D.P.R. 2014)(unsworn expert report constituted inadmissible hearsay that could not be considered as part of the summary judgment record)(internal citations omitted); and Rios-Colón v. United States, 928 F.Supp.2d 388, 390 (D.P.R. 2012)(plaintiffs' expert report was unsworn and therefore, at best, an inadmissible hearsay document of the purported expert's opinion). Under these circumstances, plaintiffs' motion for summary judgment must be DENIED.[1]

**SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of August, 2018.

                                             s/Pedro A. Delgado-Hernández
                                             PEDRO A. DELGADO-HERNÁNDEZ
                                             United States District Judge

---

[1] In light of this ruling, the court does not need to consider defendant's alternate request to strike the expert report now. If warranted, a deadline for the parties to file motion(s) *in limine* will be set by the court in due course. At that time, defendant may seek the exclusion of plaintiffs' expert reports.